558 F.2d 553
 Jesse BYRD, Travis A. Tapia, and Officers for Justice, a
non-profit association, Appellants,
v.
Charles R. GAIN, Chief of Police, Richard Siggins, Jane
Murphy, Judith Ciani, Herman Gallegos, and James
A. Hall, Police Commissioners (filed as
Donald M. Scott, etc., et
al.), Appellees.
 No. 75-2731.
 United States Court of Appeals,
Ninth Circuit.
 Aug. 2, 1977.
 
 Amitai Schwartz, No. Cal. Police Practices Project, San Francisco, Cal., argued for appellants.
 Philip S. Ward, San Francisco, Cal., argued for appellees.
 Appeal from the United States District Court for the Northern District of California.
 Before CHAMBERS and GOODWIN, Circuit Judges, and KELLEHER,* District Judge.
 GOODWIN, Circuit Judge:
 
 
 1
 Two police officers appeal the summary judgment which ended their action under 42 U.S.C. § 1983 against the chief of police and others. They had sued to compel the department to expunge from their personnel files written reprimands which had been issued following complaints by other police officers. The complaints criticized a press release and public statements made by the plaintiffs in the course of a public controversy that had developed over the department's employment of stop-and-frisk tactics which had a special impact upon black males within the city of San Francisco.[1]
 
 
 2
 The district court granted the defendants' motion for summary judgment, upon the theory that the First Amendment does not guarantee the plaintiffs an unqualified platform from which publicly to hector their department and its superior officers by language calculated to inflame the public or part of it against the police and to affect adversely the morale and discipline of the department.
 
 
 3
 In granting summary judgment, the court necessarily held that San Francisco Police Department Rule 2.13 under which the reprimands were issued was not facially unconstitutional, and that it was not episodically unconstitutional as applied in this case.
 
 
 4
 We resolved the issue of facial unconstitutionality against the plaintiffs after the district court had ruled in this case. S.F.P.D. Rule 2.13 is not unconstitutional on its face for overbreadth. Kannisto v. City and County of San Francisco, 541 F.2d 841 (9th Cir. 1976), cert. denied, 430 U.S. 931, 97 S.Ct. 1552, 51 L.Ed.2d 775 (1977).
 
 
 5
 The officers seek to distinguish Kannisto on its facts and have us hold the regulation unconstitutional as applied in this case. They also seek to bring themselves within the line of cases which guarantee schoolteachers a First Amendment right to criticize in public their school and their superiors in the school system. See, e. g., Pickering v. Board of Education, 391 U.S. 563, 88 S.Ct. 1731, 20 L.Ed.2d 811 (1968); Vernasconi v. Tempe Elementary School District No. 3, 548 F.2d 857 (9th Cir. 1977).
 
 
 6
 Substantial differences between the public interest in education and the public interest in safety and order justify a difference in the standards by which the respective institutions may protect themselves from attempted destruction by their employees.
 
 
 7
 The reasoning developed in Kannisto v. City and County of San Francisco, supra, and in Phillips v. Adult Probation Department, 491 F.2d 951 (9th Cir. 1974), establishes in this circuit the proposition that, while First Amendment rights of employees are deserving of protection against unreasonable and arbitrary restriction in the name of institutional policy, the employee does not have an unqualified right to abuse his employer in public while remaining on the payroll. Rule 2.13 is not unconstitutional as applied in this case.
 
 
 8
 Affirmed.
 
 
 
 *
 The Honorable Robert J. Kelleher, United States District Judge for the Central District of California, sitting by designation
 
 
 [1]
 See Williams v. Alioto, 549 F.2d 136 (9th Cir. 1977)